UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

PEDRO LUIS RIVAS,

    Petitioner,

v.                                         Case No. 16-cv-433-pp

UNITED STATES OF AMERICA,

    Respondent.

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. NO. 1), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, DENYING PETITIONER'S MOTION TO DISMISS AS MOOT (WITHOUT PREJUDICE)(DKT. NO. 5), AND DISMISSING CASE**

After the Seventh Circuit Court of Appeals granted the petitioner leave to file a second or successive petition based on Johnson v. United States, 135 S. Ct. 2551 (2015), he filed the pending motion to vacate, set aside or correct sentence. Dkt. No. 1. The petitioner argued that, under Johnson, the residual clause in U.S.S.G. §4B1.2 was void for vagueness. Because the sentencing judge enhanced his sentence under that residual clause, the petitioner argued that this court should correct his sentence. Id. at 9.

On March 6, 2017, the United States Supreme Court issued a decision in Beckles v. United States, 137 S. Ct. 886 (2017), holding that the advisory sentencing guidelines are not subject to vagueness challenges under the Due Process clause. Beckles forecloses the petitioner's argument that he is entitled

to relief. Three days after the Beckles decision, the government filed a letter urging the court to deny the motion.[1] Dkt. No. 4. A couple of weeks later, the petitioner filed a motion to dismiss without prejudice. Dkt. No. 5.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the potential effect of voluntary dismissal of the petition would be no different from the potential effect of a ruling on the merits. Under AEDPA, a prisoner has one "single unencumbered opportunity to pursue collateral review." Vitrano v. United States, 643 F.3d 229, 233 (7th Cir. 2011); 28 U.S.C. § 2255(h). Before filing a second or successive motion, the prisoner must obtain certification to do so from the court of appeals. Id. There is no requirement that the court must adjudicate the first petition on the merits in order for it to count as the prisoner's first motion. Felder v. McVicar, 113 F.3d 696, 697 (7th Cir. 1997). A voluntary dismissal may operate as a decision on the merits if the prisoner withdraws the motion because it has become clear to him that the court will deny the motion on the merits. Potts v. United States, 210 F.3d 770 (7th Cir. 2000).

Because Beckles acts as "handwriting on the wall," the court will deny the motion on the merits, and deny the motion to dismiss as moot. See Potts, 210 F.3d at 771 (motion was second or successive when the petitioner had an opportunity to receive a decision on the merits but flinched after receiving the opposition brief and "seeing the handwriting on the wall.") The court declines to

---

[1] In the future, the court asks that if the government wants the court to take some action (or refrain from taking some action), it file a pleading—a motion, an objection, a response—rather than correspondence.

2

issue a certificate of appealability, because after Beckles, the petitioner cannot demonstrate that reasonable jurists could debate that the motion be resolved in a different manner or that the issue presented is adequate to deserve further encouragement. 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004).

The court **DENIES** petitioner's motion to vacate, set aside or correct sentence. Dkt. No. 1. The court **DECLINES TO ISSUE** a certificate of appealability. The court **DENIES** petitioner's motion to dismiss as moot, without prejudice. Dkt. No. 5. The court **DISMISSES** the case.

Dated in Milwaukee, Wisconsin, this 28th day of April, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge